2025 IL App (1st) 241515-U

No. 1-24-1515

Order filed May 16, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | |
|---|---|
| TESS SIERRA CARMODY, *PRO SE*, | ) |
| | ) Appeal from the |
| Plaintiff-Appellant, | ) Circuit Court of |
| | ) Cook County. |
| v. | ) |
| | ) No. 2001 L 001492 |
| ASCENSION HEALTH ALLIANCE, AMITA HEALTH | ) |
| CARE SYSTEM, AMITA HEALTH, PRESENCE | ) Honorable |
| HEALTH, PHYSICIANS IMMEDIATE CARE, AMY | ) Patrick T. Stanton, |
| KOSICH, KAYLA KOHLMEIER, and JANE DOE, | ) Judge presiding. |
| | ) |
| Defendants-Appellees. | ) |

---

JUSTICE NAVARRO delivered the judgment of the court.
Justices Oden Johnson and Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court properly granted defendants' motion for summary judgment.

¶ 2    Plaintiff, Tess Sierra Carmody, a *pro se* appellant, appeals from the trial court's grant of

summary judgment in favor of defendants Ascension Health Alliance, Amita Health Care System,

Amita Health, and Presence Health (collectively, "defendants"). The trial court found that there was no actual or apparent agency between certain employees of Physicians Immediate Care and defendants. Carmody appeals, taking issue with a note that appeared at the end of the trial court's order on defendants' motion for summary judgment. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        According to the pleadings, Carmody went to Physicians Immediate Care located at 933 West Diversey Parkway in Chicago on January 13, 2019, seeking medical care after she had slipped and fell on the ice the day before. Carmody was evaluated by Amy Kosich, a physician's assistant. On January 20, 2019, Carmody followed up with Kosich during another visit to the immediate care. On January 27, 2019, Carmody again followed up with Kosich at the immediate care. On February 3, 2019, Carmody met with Julianne Wong, a different physician's assistant at the same immediate care. On February 10, 2019, Carmody again saw Kosich for another assessment. On February 13, 2019, Carmody called immediate care and complained of shortness of breath. A note was entered at 2:10 p.m. by an unknown physician that Carmody was told to go to the emergency room if her shortness of breath worsened. At 6 p.m. that evening, an ambulance took Carmody to Advocate Masonic Medical Center, where she was diagnosed with a "massive pulmonary embolus." Carmody was discharged on February 16, 2019.

¶ 5        Carmody filed an amended complaint, *pro se*, on January 14, 2022, alleging that all acts of Amy Kosich, Kayla Kohlmeier, and Jane Doe, were within the course and scope of their employment of Physicians Immediate Care and defendants, and therefore defendants were vicariously liable for the negligence of their employees. Carmody alleged that Physicians Immediate Care and defendants were a single integrated enterprise.

¶ 6 Defendants moved for summary judgment as to Carmody's claims of vicarious liability against them on the basis that there was no actual or apparent agency between them and the Physicians Immediate Care employees. Defendants argued that Carmody did not meet her burden of proving the immediate care employees were actual or apparent agents of defendants because defendants did not employ them and did not maintain any control over their medical decisions. Defendant also argued that Carmody could not establish that defendants held the employees out to be agents of defendants, or that Carmody relied on the agency of the employees.

¶ 7 Carmody responded that defendants are a single integrated enterprise with Physicians Immediate Care and are therefore vicariously liable for the negligence committed by the remaining individual defendants. Carmody also noted in her response that her father, a New York attorney, had guided her in "commencing" her lawsuit and had continued to help her. She claimed that after her pulmonary embolism, her father had searched for an attorney in Illinois who could handle a medical malpractice lawsuit on her behalf but was unsuccessful. She further stated that her father did not have adequate time to support her in this lawsuit because from November 2022 to July 2023, he had been contending with a cancer diagnosis. Carmody claimed she intended to file, with her father's assistance, "an assortment of motions seeking to modify the prevailing case management order, to obtain allowance for prompt discovery and obtain additional relief so as to vigorously pursue my case."

¶ 8 The trial court ruled on defendants' motion for summary judgment on June 24, 2024, finding that Carmody did not point to any evidence to support the conclusion that defendants were a single integrated enterprise with Physicians Immediate Care. It also found that to the extent Carmody was attempting to pierce the corporate veil, "she has not offered any facts to support that remedy." The court noted that its October 10, 2023, order reflected that discovery was complete,

and a trial date was set for July 15, 2024. The court concluded that Carmody's response to defendants' motion for summary judgment did "not contest the issue of actual agency and offers no evidence to create a genuine issue of material fact for the actual agency or apparent agency claims."

¶ 9     At the end of its written order, the trial court noted:

"A final note. In her response to the motion for summary judgment, Plaintiff notes that she expected the assistance of her father, a New York attorney, in prosecuting this claim, and that her father's illness precluded him from giving such assistance. Her father, however, has never filed an appearance in this case. While the Court is sympathetic, it can only consider the arguments of the litigants who have appeared in the case, namely, [Carmody], who is representing herself."

¶ 10    Carmody now appeals.

¶ 11                    II. ANALYSIS

¶ 12    On appeal, Carmody argues that the trial court erred in granting summary judgment in favor of defendants. A motion for summary judgment is properly granted where the pleadings, depositions, admissions, and affidavits establish that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005 (West 2022); *Ioerger v. Halverson Construction Co.*, 232 Ill. 2d 196, 201 (2008). Carmody does not argue that a triable issue of fact exists that would preclude the entry of summary judgment. Rather, she argues that the trial court misconstrued Illinois Supreme Court Rule 137(e) (eff. Jan. 1, 2018) when granting the motion for summary judgment. A trial court's grant of summary judgment is reviewed *de novo*. *Ioerger*, 232 Ill. 2d at 201. A trial court's interpretation of a statute is also subject to *de novo* review. *SI Securities v. Bank of Edwardsville*, 362 Ill. App. 3d 925, 928 (2005).

¶ 13    Rule 137(e) states:

> "**(e) Attorney Assistance Not Requiring an Appearance or Signature**. An attorney may assist a self-represented person in drafting or reviewing a pleading, motion, or other document without making a general or limited scope appearance. Such assistance does not constitute either a general or limited scope appearance by the attorney. The self-represented person shall sign the pleading, motion, or other paper. An attorney providing drafting or reviewing assistance may rely on the self-represented person's representation of facts without further investigation by the attorney, unless the attorney knows such representations are false." Ill. S. Ct. R. 137(e) (eff. Jan. 1, 2018).

¶ 14    Carmody contends that the final note appearing in the trial court's order, in which the court recognized that Carmody's father's illness precluded him from giving assistance in this case, but stated that "it can only consider the arguments of the litigants who have appeared in this case, namely, [Carmody], who is representing herself," indicates that the trial judge disregarded or discounted the arguments she made in her pleadings, "on account of [her] Father's non-appearance." She contends that the trial judge could have attributed all of her arguments to her father, and "weighed them in the context of my Father's non-appearance." Carmody further contends that "it appears [the trial judge] was of a mind that an appearance by my [f]ather was a predicate to validating any or all of my submissions."

¶ 15    After careful review of the record, it is apparent that the trial court did not misinterpret Rule 137(e), and did not disregard any of the arguments or pleadings submitted by Carmody. Rather, the trial court, in its final note, was acknowledging the portion of Carmody's response to defendants' motion for summary judgment in which she stated that her father did not have adequate

time to support her in this lawsuit up until the time of her response, and that she planned, with her father's assistance, to file "an assortment of motions seeking to modify the prevailing case management order, to obtain allowance for prompt discovery and obtain additional relief so as to vigorously pursue my case." The court conveyed that it was sympathetic to Carmody's situation, however at the time the court made its ruling, on June 24, 2024, discovery had been closed since October 10, 2023, and trial was set for July 15, 2024, the following month. The trial court's comments merely supported its ultimate decision on the motion – that Carmody's plight regarding her father's assistance did not amount to a factual basis that would arguably entitle her to judgment thereby defeating defendants' motion for summary judgment. See *Schweihs v. Chase Home Finance*, LLC, 2021 IL App (1st) 191779, ¶ 57 (a plaintiff seeking to defeat a motion for summary judgment does not need to prove her case but must present some factual basis that would arguably entitle her to a judgment.)

¶ 16    After careful review of the record, it is clear that the trial court considered all of the pleadings Carmody filed, including those in which her father assisted her with pursuant to Rule 137(e). The trial court's final note did not indicate that it had disregarded any of Carmody's pleadings but rather explained why Carmody's statement regarding her father's future involvement in the case could not defeat defendants' motion for summary judgment. Namely, because it could only consider the arguments that had thus far been made in the case, not ones that could potentially be made in the future. Accordingly, having found that the trial court did not misconstrue Rule 137(e), and that being the only issue raised on appeal, we affirm the trial court's grant of defendants' motion for summary judgment.

¶ 17                                    III. CONCLUSION

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 19    Affirmed.